**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CRYSTAL RONEY,<br><br>Debtor. | Case No. 2:26-cv-06497-MCS<br><br>Bankruptcy Case No. 2:25-bk-21047-VZ<br><br>Adversary Case No. 2:26-ap-01076-VZ<br><br>**ORDER AFFIRMING BANKRUPTCY COURT ORDERS** |
| CRYSTAL RONEY,<br><br>Appellant,<br><br>v.<br><br>MAYOR AND CITY COUNCIL OF BALTIMORE, et al.,<br><br>Appellees. | |

Appellant Crystal Roney appeals the Bankruptcy Court's final orders dismissing with prejudice her adversary proceeding against Appellees Mayor and City Council of Baltimore (the "City"); One House at a Time, Inc. (the "Receiver"); Pia Heslip; Matthew Blake Palmer; MB Palmer, LLC (together with the Receiver, Heslip, and Palmer, the "Receiver Appellees"); and others. (Notice of Appeal, ECF No. 1;

Appellees' Excerpts of Record ("ER") 143–46, ECF No. 22.)[1] The appeal is fully briefed. (Appellant's Opening Br., ECF No. 20; Appellees' Br., ECF No. 21; Appellant's Reply Br., ECF No. 24.) The Court deems the matter appropriate for resolution without a hearing. *See* Fed. R. Bankr. P. 8019(b)(3); C.D. Cal. R. 7-15.

## I. BACKGROUND

This appeal arises from a code-enforcement receivership over a vacant residential property at 629 Homestead Street in Baltimore, Maryland (the "Property"), which Roney owns. (ER 187; Adversary Compl. ("Compl.") ¶¶ 6, 16–17, at ER 218, 220.) In August 2023, the City petitioned the District Court of Maryland for Baltimore City (the "State Court") to appoint a receiver for the Property, alleging that the Property was a vacant building in violation of the City's building code. (ER 29–32, 49.) Roney alleges that while the petition was pending, she was rehabilitating the Property under the State Court's supervision. (Compl. ¶¶ 37–40, 56–57, at ER 223–24, 227–28.)

Roney filed a Chapter 13 petition on December 9, 2025. (Compl. ¶ 60, at ER 228–29.) The State Court denied Roney's motion to stay the receivership proceeding based on her bankruptcy petition, explaining that it had "previously denied [a] motion to stay based on Section 362(b)(4)" and "decline[d] to revisit [that] prior ruling." (ER 74; *see also* ER 65–66, 68.) On January 7, 2026, the State Court appointed the Receiver as a vacant building receiver for the Property, finding that the Property was a "nuisance *per se*" and was "unsafe, a fire hazard, [and] a threat to the health, welfare, and safety of the general public." (ER 187–88.) Roney contends the appointment order is void and has appealed it to the Circuit Court for Baltimore City. (Compl. ¶¶ 64–66, at ER 229–30; ER 43, 68.) On March 31, 2026, the Bankruptcy Court denied Roney's

---

[1] Pinpoint citations of Appellees' Excerpts of Record refer to the pagination stamped on each page.

motion to enforce the automatic stay of the receivership. (ER 214.)

On April 2, 2026, Roney filed a twelve-count adversary complaint against the City; Kent Grasso, a City attorney; the Receiver Appellees; First Chair Capital, LLC ("First Chair"); Saxa Properties I, LLC ("Saxa"); and Jonathan Weiner. (Compl. ¶¶ 7–15, 81–126, at ER 218–19, 233–39.) The claims included willful violation of the automatic stay, turnover, violation of 42 U.S.C. § 1983, taking in violation of the Fifth and Fourteenth Amendments, fraud, abuse of process, civil conspiracy, civil RICO, declaratory relief, and unjust enrichment. (ER 233–39.) The Receiver Appellees and the City moved to dismiss; no other defendant filed a motion or otherwise responded to the complaint. (ER 1, 87, 155–61.)

On June 11, 2026, the Bankruptcy Court held a hearing on the motions and stated its findings and conclusions on the record. (ER 143–44, 145–46.) The Bankruptcy Court found that Roney's claims were barred by *Barton v. Barbour*, 104 U.S. 126 (1881), and *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963 (9th Cir. 2005); that the complained-of actions were "going forward pursuant to the exercise of police powers" and were not subject to the automatic stay; and that the *Rooker-Feldman* doctrine "bars this court from exercising jurisdiction over any of the claims." (Hr'g Tr. 13:22–25, 14:6–18, ECF No. 16.) It granted both motions "as to all defendants" with prejudice. (*Id.* at 15:7–9.) On June 17 and 18, 2026, the Bankruptcy Court entered orders dismissing the adversary proceeding with prejudice; the June 17 order dismissed the proceeding "as to all defendants." (ER 143–46.) This appeal followed. On September 17, 2026, the Bankruptcy Court dismissed the underlying Chapter 13 case, retaining jurisdiction over "all issues arising under" 11 U.S.C. § 362, among others. (ER 162.)

## II. LEGAL STANDARD

"Findings of fact of the bankruptcy court are reviewed for clear error, and conclusions of law are reviewed de novo. Mixed questions of law and fact are reviewed

de novo." *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 957 F.3d 990, 995 (9th Cir. 2020) (citations omitted). The bankruptcy court's "findings of fact are accorded considerable deference and are only clearly erroneous if we are left with a definite and firm conviction a mistake has been committed." *Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 618 B.R. 1, 5 (9th Cir. B.A.P. 2020). This Court may affirm a decision on any basis supported by the record. *Id.*

## III. DISCUSSION

There are five issues presented on appeal: whether the Bankruptcy Court erred in (1) applying § 362(b)(4); (2) treating disputed facts about the Receiver's authority as established; (3) applying the *Rooker-Feldman* doctrine; (4) applying *Barton*; and (5) dismissing all claims against all defendants with prejudice. (Opening Br. 8–9.) Appellees contend that the appeal is moot. (Appellees' Br. 11–13.)[2]

### A. Mootness

The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). A bankruptcy appeal is moot only if the court can no longer grant effective relief. *See United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 901 (9th Cir. 2001).

The appeal is not moot. Dismissal of a bankruptcy case does not automatically terminate jurisdiction over related proceedings. *Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992). Roney seeks damages under 11 U.S.C. § 362(k) for alleged violations of the automatic stay, a claim that does not depend on a

---

[2] Pinpoint citations to Appellees' Brief, which does not bear page numbers, refer to the CM/ECF pagination.

pending bankruptcy case. (Compl. ¶ 87, at ER 234; *see also* ER 162); *see Davis v. Courington (In re Davis)*, 177 B.R. 907, 911–12 (9th Cir. B.A.P. 1995). Vacatur of the with-prejudice judgment would therefore afford meaningful relief. Additionally, Appellees identify no consummated plan or transaction that would support equitable mootness. *See Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880–83 (9th Cir. 2012).

**B. Section 362(b)(4)**

The first issue on appeal is whether the Bankruptcy Court erred in applying the police-and-regulatory-power exception to the automatic stay. (Opening Br. 17–19.) The exception covers "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment." 11 U.S.C. § 362(b)(4). Courts apply the "pecuniary purpose" and "public policy" tests, asking whether the action primarily protects the government's pecuniary interest or public safety and welfare, and whether it effectuates public policy or adjudicates private rights. *Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.)*, 128 F.3d 1294, 1297 (9th Cir. 1997); *City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1123–24 (9th Cir. 2006).

The receivership satisfies both the "pecuniary purpose" and "public policy" tests. The City initiated the receivership to remedy code violations at a vacant, century-old building that the State Court found unsafe and a threat to public health and safety, not to collect a debt. (ER 29–32, 187; Compl. ¶ 17, at ER 220.) Roney herself alleges that the City "is not a creditor" and "is owed nothing." (Compl. ¶ 76, at ER 232.) Roney argues that the Bankruptcy Court was required to analyze each alleged postpetition act, such as the Receiver's exclusion of Roney from the Property, its control of the Property, and the intended sale. (Opening Br. 18–19.) However, those acts are the enforcement of the State Court's appointment order in the City's code-enforcement proceeding,

which § 362(b)(4) expressly excepts from a stay. Roney concedes that "[a] sale or private economic benefit does not alone establish that an enforcement action falls outside the exception." (Reply Br. 8.) Her Owner-as-Receiver chronology confirms only that the City's receivership proceeding in the State Court was pending before Roney's bankruptcy petition and continued afterward. (Opening Br. 18; *see* ER 49, 64–67.) Additionally, although the oral ruling did not recite the tests, Roney concedes that the omission of an oral explanation does not compel reversal. (Reply Br. 10.) Thus, the Court finds that the Bankruptcy Court did not err in concluding that the receivership was excepted from the automatic stay, and Roney's stay-based claims fail as a matter of law.

**C. Disputed Facts and Judicial Notice**

The second issue on appeal is whether the Bankruptcy Court improperly resolved disputed facts about the Receiver's authority at the pleading stage. (Opening Br. 20–22.) Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). A court may, however, take judicial notice of matters of public record without converting the motion into one for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018).

The Bankruptcy Court did not resolve factual disputes. It expressly stated that it was evaluating legal sufficiency only. (Hr'g Tr. 6:10–7:5.) The existence of the State Court's appointment order is a judicially noticeable public record. (ER 187–92.) Roney does not contend that the order was never entered. Her complaint alleges that the order was signed and attacks it as void. (Compl. ¶¶ 65–66, at ER 229–30; *see* Opening Br. 20.) That is a challenge to the validity of the State Court's order, not a factual dispute about its existence. The Bankruptcy Court did not err.

### D. *Rooker-Feldman* Doctrine

The third issue on appeal is whether the *Rooker-Feldman* doctrine barred Roney's claims. (Opening Br. 22–24.) The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* applies where the plaintiff asserts an erroneous state-court decision as a legal wrong, but not where she asserts an illegal act by an adverse party. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

Roney argues that her complaint alleged independent, party-caused injuries. (Opening Br. 22–23.) However, the complaint alleges that the receivership order is "void for lack of subject matter jurisdiction" under Maryland law and rests on improperly obtained evidence. (Compl. ¶¶ 63, 66, at ER 229–30.) That is a claim that the State Court erred in appointing the Receiver. Her alleged injuries—loss of possession, exclusion from the property, the Receiver's control, and the Property's anticipated sale—flow from that order, and her remaining claims arise from the same receivership conduct. (Compl. ¶¶ 77–78, 84, 96, 99, 110, 113, at ER 232–38.) Roney concedes that "relief requiring rejection of the receiver appointment may be barred." (Reply Br. 14.) Her reliance on *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074 (9th Cir. 2000) (en banc), is misplaced: the Bankruptcy Court determined the scope of the stay under federal law, as *Gruntz* permits, and *Gruntz* "does not authorize unrestricted federal review of Maryland judgments." (Reply Br. 14.) The Bankruptcy Court did not err.

### E. *Barton* Doctrine

The fourth issue on appeal is whether the Bankruptcy Court erred in applying *Barton*. (Opening Br. 24–27.) Under *Barton*, a party must obtain leave of the appointing court before suing a court-appointed officer for acts in the officer's official

capacity. *See In re Crown Vantage, Inc.*, 421 F.3d at 970–71.

The State Court appointed the Receiver as its "discretionary officer and agent" and authorized it to employ an attorney or other professionals. (ER 189, 192.) Roney alleges that Heslip is the Receiver's executive director, Palmer is counsel for the Receiver, and MB Palmer, LLC, is Palmer's law firm. (Compl. ¶¶ 10–12, at ER 219.) Roney's claims against them arise from the Receiver's possession and control of the Property. (*See, e.g.*, Compl. ¶¶ 77, 84, 89, at ER 232–34.) Roney does not allege that she sought leave from the State Court before suing them, and the State Court docket reflects no such request. (*See* ER 43–70, 216–42.) Roney concedes that receiver professionals may receive derivative protection and that disputing an appointment's validity is not an exception to *Barton*. (Reply Br. 12–13.) Roney argues that *Barton* cannot reach the City or the private defendants. (Opening Br. 25–26.) But the judgment does not rest on *Barton* alone; as discussed above, § 362(b)(4) and *Rooker-Feldman* disposes of the remaining claims.

**F. Dismissal with Prejudice**

The fifth issue on appeal is whether the Bankruptcy Court erred in dismissing all claims against all defendants with prejudice. (Opening Br. 27–29.) As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

First, dismissal as to the nonmoving defendants was proper. A court may dismiss claims against nonmoving defendants who are similarly situated or whose claims are integrally related. *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). Roney concedes this point. (Reply Br. 16.) Her claims against First Chair, Saxa, and Weiner arise from the same receivership: the City named First Chair and Saxa in the

receivership petition as holders of a claimed secured interest in the Property, and Roney alleges that they stand to benefit from the receivership's disposition of the Property. (ER 82; Compl. ¶¶ 71, 118, 121–25, at ER 231, 238–39.) Roney also had notice and an opportunity to respond: the City moved to dismiss the complaint "in its entirety" and, at the hearing, argued that "the entire complaint should be dismissed as to all defendants," and Roney filed multiple oppositions. (ER 91, 96, 159–60; Hr'g Tr. 5:14–19.)

Second, amendment would be futile. Roney recognizes that "[a] common dismissal rationale can suffice where it actually reaches all claims." (Reply Br. 18.) None of her proposed additional allegations could supply the leave *Barton* requires, change the regulatory character of the receivership, or alter the source of her injuries. (*See id.* at 16); *see Lopez*, 203 F.3d at 1129. Roney's reliance on *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam), is unavailing; the § 362(b)(4) ruling is a merits determination, and as Roney acknowledges, *Frigard* affirmed a with-prejudice dismissal where redrafting could not cure the defect. (Reply Br. 14–15.)

The Bankruptcy Court did not err in dismissing the proceeding with prejudice.

## IV. CONCLUSION

The Court affirms the decisions of the Bankruptcy Court. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: November 18, 2026

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court